January 22nd, 1912.

———————o———————

## 5486.

(Court of Appeal, Parish of Orleans.)

### JOSEPH A. SCHULTZE vs. JOHN F. RYAN.

1. A defendant is bound to plead in his answer all the titles upon which he relies.

2. A purchaser acquires from his vendor all the titles under which the latter holds, notwithstanding that only some of these titles may be mentioned in the deed.

3. The mere fact that taxes have been paid by a co-owner, or that an offer to redeem was made, does not make the tax sale *ipso facto* invalid. Any invalidity upon that ground must be asserted judicially and before the property passes into the hands of third persons.

Appeal from the Civil District Court, Division "C."

M. J. Cunningham, W. H. Byrnes, Jr., and P. D. Olivier, for plaintiff and appellee

Dupre & Dupre, for defendant and appellant

GODCHAUX, J.—In this suit plaintiff traces his title to the United States Government, while defendant's answer sets up, first, a title from three alleged co-owners, named Jones, Robinson and Lanier who are alleged to have acquired from the heirs of Martha Curtis, and secondly and in the alternative, a title acquired from Jones, who is alleged to have purchased the property at tax sale in 1904, under an assessment in the name of "unknown owner."

In this Court defendant concedes, and it is a fact, that the heirs of Martha Curtis never had title, and that consequently he could acquire no title from them, and he now relies exclusively upon the title arising from the tax sale to Jones.

Plaintiff does not assail the validity of the tax adjudication, nor question the soundness of defendant's contention that he is protected from attack by the constitutional prescription of three years which is pleaded in defendant's answer; but he seeks to avoid the effect of the tax adjudication by questioning on sundry grounds

defendant's right to set it up as a muniment of his title.

There is no merit in plaintiff's contention on this score to the effect that defendant having first pleaded in his answer the title from the heirs of Martha Curtis cannot also set up the tax title. These titles are pleaded in the alternative, and a party is bound to plead in his answer all the titles upon which he relies.

Plaintiff says, further, that defendant cannot set up this tax title nor plead the prescription of three years, in view of the following facts which the record discloses, to-wit:

That at the time Jones purchased at tax sale he appeared of record as a co-owner of the property with Robinson and Lanier under deeds from the Martha Curtis heirs, who, as heretofore stated, never in fact owned the property. Shortly after Jones bought at tax sale Lanier sued Jones to have the property declared to still belong to the co-owners; on the grounds, first, that a tender of the taxes for the purpose of redemption had been made, and secondly, because Jones being a co-owner, the purchase at tax sale operated solely as a payment of taxes on behalf of the co-owners. Jones answered this suit denying the tender as well as the fact of co-ownership and asked for a dismissal of the suit. Later the suit was discontinued by consent of the parties, who together with Robinson on the same day joined in a deed to the property to one Stephens who on the following day sold to defendant Ryan. In this deed from Robinson, Lanier and Jones to Stephens, the vendors recited that they had acquired the property from the heirs of Martha Curtis and no mention is made of Jones' acquisition thereof at tax sale. Upon these facts plaintiff predicates his assertion that defendant's ancestors in title have abandoned the tax sale. There is no force in this con-

tention. The mere failure, in the transfer to Stephens, to mention Jones' tax title does not evidence an intention to abandon; on the contrary, by the effect of this purchase, and even without specific mention of the tax title in the deed, Stephens was vested by operation of law with every right which Jones possessed to assert ownership under the tax adjudication.

Likewise upon these facts plaintiff asserts, that defendant and his ancestors have precluded themselves from claiming that a tender of taxes was not in fact made, and from denying that the purchase by Jones operated solely as a payment of taxes upon the property, by one of the alleged co-owners on behalf of all.

We fail to see how any estoppel arises on these facts, but granting that defendant cannot deny that a tender was made, or that the purchase by Jones was a payment of taxes by a co-owner neither the fact of a tender nor the fact of the payment of taxes by a co-owner would operate of itself to set aside or annul the tax sale, for that result could be brought about only by judicial action. Until judicially dissolved on these grounds the tax sale remained valid.

The suit brought to accomplish this result was subsequently discontinued by consent of the parties and the tax sale therefore remained and still remains unimpeached. Any action to redeem the property or to have Jones' purchase declared a payment of taxes lapsed when Jones disposed of the property to Stephens, the defendant's immediate vendor.

Baum vs. Smith, 127 La. 1089.
Washington vs Filer, 127 La, 862.

The judgment of the lower Court was in favor of plaintiff and must therefore be reversed.

It is accordingly ordered, that the judgment appealed

from be annulled, avoided and reversed, and it is now ordered that plaintiff's suit be dismissed with costs in both Courts.

January 22,. 1912 .

Rehearing refused, February 5, 1912.

February 27, 1912, writ granted by Supreme Court.